STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF ST. LOUIS                                  SIXTH JUDICIAL DISTRICT

_____

|  | Case Type: Employment |
|---|---|
| Anthony Maestas, | Court File No:_____ |
|  | Judge:_____ |
| Plaintiff, |  |
| v. | **SUMMONS** |
| Essentia Health, |  |
| Defendant. |  |

_____

**THIS SUMMONS IS DIRECTED TO:**  Defendant Essentia Health, 502 E. Second Street Duluth, Minnesota 55805.

    1.    **YOU ARE BEING SUED.** The Plaintiffs started a lawsuit against you.  The Plaintiffs' Complaint against you is attached to the Summons.  Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2.    **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail the person who signed the Summons a **written response** called an Answer within 21 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at:

        Neaton & Puklich, PLLP
        7975 Stone Creek Drive, Suite 120
        Chanhassen, MN  55317

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.



5.      **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.      **ALTERNATIVE DISPUTE RESOLUTION.**  The partied may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

NEATON & PUKLICH, PLLP

Dated:  March 30, 2022

_s/Mark Dooley_____
Mark Dooley (0389447)
Michael Puklich (0250661)
7975 Stone Creek Drive, Suite 120
Chanhassen, MN  55317
(952) 258-8444 (phone)
(952) 258-9988 (fax)
mdooley@neatonpuklich.com
Attorney for Plaintiff

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF ST. LOUIS                            SIXTH JUDICIAL DISTRICT

|  |  |
|---|---|
| | Case Type: Employment |
| Anthony Maestas, | Court File No:_____ |
| | Judge:_____ |
| Plaintiff, | |
| | |
| v. | **COMPLAINT AND JURY DEMAND** |
| | |
| Essentia Health, | |
| | |
| Defendant. | |

Plaintiff Anthony Maestas ("Maestas") by his undersigned counsel, and for his Complaint against Defendant Essentia Health ("Essentia") states and alleges as follows:

## **PARTIES AND JURISDICTION**

1.      Plaintiff is a former employee of Defendant who resides of the city of Cloquet, county of Carlton, State of Minnesota.

2.      Defendant Essentia is a Domestic Nonprofit Corporation registered in the State of Minnesota with its principal place of business and registered office in the city of Duluth, county of St. Louis, State of Minnesota. Essentia is a health care system overseeing hospitals, clinics, and care facilities.

3.      This Court has jurisdiction over Defendant as it is a Domestic Nonprofit Corporation doing business in Minnesota.

4.      Venue is proper in St. Louis County as Defendant's principal place of business is in St. Louis County, MN.

## **FACTS**

5.      Plaintiff began his employment with Defendant as a paramedic and field training officer in September 2014.

6.      Plaintiff was well reviewed by his supervisors and performed his job exceedingly well, even earning clinician of the year in 2016.

7.      In Spring 2020, Plaintiff came under the supervision of Adam Gray.

8.      Plaintiff observed fellow paramedics having difficulty managing patients on newly issued ventilators. Plaintiff researched the issue and presented a solution to the issue to his supervisor. His supervisor disregarded Plaintiff's concerns over the risk to patients' safety.

9.      In September 2020, Plaintiff disclosed to his supervisor that he suffered from depression and ADHD, he was seeking treatment, and he requested accommodations for his medical conditions.

10.     On October 18, 2020, Plaintiff was called to respond to a patient. Because his ambulance out of service due to a lack of critical equipment, and because it had not been cleaned pursuant to COVID-19 protocols, Plaintiff informed the dispatcher that he could not fulfill the call for medical assistance.

11.     In response to this event, Plaintiff's supervisor instructed Plaintiff to disregard the requirement to restock critical equipment before responding to calls for service.

12.     On or about November 23rd, 2020, Defendant suspended Plaintiff as a result of his failure to respond to a service call.

13.     This suspension exacerbated Plaintiff's medical conditions.

14.     In the Spring of 2021, Defendant appointed a new supervisor over Plaintiff—Daniel Johnson.

15.     Plaintiff again requested accommodations for his medical conditions, but his new supervisor failed to make accommodations or engage in an interactive process.

16.     Plaintiff requested a leave of absence in April 2021, due to exacerbation of his medical conditions. Plaintiff supplied notice and a doctor's note to the Defendant.

17.     On or about April 20, 2021, May 28, 2021, and May 30, 2021, Plaintiff observed what he believed in good faith to be violations of federal controlled substance recording regulations. Plaintiff made reports to his supervisor on each of these instances.

18.     Defendant failed to take any action in response to Plaintiff's reports.

19.     On June 7, 2021, Defendant terminated Plaintiff's employment.

20.     The stated reason for Defendant's decision was Plaintiff's supposed failure to certify his Family Medical Leave as directed for his absences in April 2021.

### COUNT ONE
### VIOLATIONS OF THE MINNESOTA WHISTLEBLOWERS ACT

21.     Plaintiff realleges each and every paragraph of this Complaint.

22.     Plaintiff, in good faith, objected to and reported what he believed to be violations of federal and/or state laws, rules, regulations, and/or common law, and violations of Defendant's policies when he made good faith reports of improper controlled substance recording procedures, improper critical equipment stocking procedures, and/or proper COVID-19 cleaning procedures.

23.     Plaintiff was retaliated against by Defendant as a result of his reports including, but not limited to, termination.

23.     The adverse employment actions as alleged herein constitute violations of Minn. Stat. §181.932 et. seq.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages in excess of $50,000.

### COUNT TWO
### DISABILITY DISCRIMINATION IN VIOLAITON OF THE MHRA

25.     Plaintiff realleges each and every paragraph of this Complaint.

26.     Under section 363A.08 of the MHRA, "it is an unfair employment practice for an employer... because of... disability... to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

27.     At all relevant times, Plaintiff was an employee of Defendant under the MHRA.

28.     At all relevant times, Plaintiff was a qualified disabled person under the MHRA due to his mental health struggles.

29.     At all relevant times, Plaintiff had an actual, recorded, or perceived disability under the MHRA. Plaintiff's struggles with mental health were reported, well documented, and well known by Defendant.

30.     As described herein, Defendant unlawfully discriminated against Plaintiff in violation of the MHRA.

31.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages in excess of $50,000.

### COUNT THREE
### FAILURE TO ACCOMMODATE IN VIOLAITON OF THE MHRA

32.     Plaintiff realleges each and every paragraph of this Complaint.

33.     The MHRA prohibits employers from failing to provide their employees with reasonable accommodations for their known disabilities.

34.     At all relevant times, Plaintiff was an employee of Defendant under the MHRA.

35.     At all relevant times, Plaintiff had an actual, recorded, or perceived disability under the MHRA.

36.     At all relevant times, Plaintiff was a qualified disabled person under the MHRA.

37.     As described herein, Defendant knew or anticipated that Plaintiff needed accommodations for a disability and failed to accommodate them in violation of the MHRA.

38.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages in excess of $50,000.

## COUNT FOUR
## INTERFERENCE IN VIOLATION OF THE FMLA

39.     Plaintiff realleges each and every paragraph of this Complaint.

40.     At all relevant times, Plaintiff was an eligible employee of Defendant under the FMLA.

41.     At all relevant times, Defendant was a covered employer under the FMLA.

42.     Section 2614 of the FMLA gives employees who exercise their right to FMLA leave the right "to be restored to the position of employment held by the employee when the leave commenced...."

43.     Section 2615 of the FMLA further forbids employers from interfering with employees exercising their rights under the FMLA.

44.     As described herein, Plaintiff engaged in protected activity under the FMLA.

45.     As described herein, Defendant unlawfully interfered with Plaintiff's FMLA rights in violation of the FMLA.

46.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages in excess of $50,000.

**COUNT FIVE**
**RETALIATION IN VIOLATION OF THE FMLA**

47.     Plaintiff realleges each and every paragraph of this Complaint.

48.     At all relevant times, Plaintiff was an eligible employee of Defendant under the FMLA.

49.     At all relevant times, Defendant was a covered employer under the FMLA.

50.     Section 2614 of the FMLA gives employees who exercise their right to FMLA leave the right "to be restored to the position of employment held by the employee when the leave commenced...."

51.     Section 2615 of the FMLA further forbids employers from retaliating against employees for exercising their rights under the FMLA.

52.     As described herein, Plaintiff engaged in protected activity under the FMLA.

53.     As described herein, Defendant unlawfully retaliated against Plaintiff in violation of the FMLA.

54.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages in excess of $50,000.

**COUNT SIX**
**FAILURE TO REINSTATE IN VIOLATION OF THE FMLA**

55.     Plaintiff realleges each and every paragraph of this Complaint.

56.     At all relevant times, Plaintiff was an eligible employee of Defendant under the FMLA.

57.     At all relevant times, Defendant was a covered employer under the FMLA.

58.     Section 2614 of the FMLA gives employees who exercise their right to FMLA leave the right "to be restored to the position of employment held by the employee when the leave commenced...."

59.     As described herein, Defendant unlawfully failed to reinstate Plaintiff at or soon after the end of her FMLA leave.

60.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages in excess of $50,000.

**WHEREFORE**, Plaintiff respectfully prays:

a.     That the practices of Defendant complained of herein be adjudged, decreed, and declared to be a violation of the rights secured to Plaintiff by the Minnesota Whistleblowers Act.

b.     That Defendant be required to make Plaintiff whole for its adverse, retaliatory, actions through restitution in the form of back pay and front pay, with interest of an appropriate inflation factor.

c.     That the practices of Defendant complained of herein be adjudged, decreed, and declared to be a violation of the rights secured to Plaintiff by the Minnesota Human Rights Act.

d.     That Defendant be required to make Plaintiff whole for its adverse, retaliatory, and/or discriminatory actions through restitution in the form of back pay and front pay, with interest of an appropriate inflation factor.

e.     That the practices of Defendant complained of herein be adjudged, decreed, and declared to be a violation of the rights secured to Plaintiff by the Family and Medical Leave Act.

f.     That Defendant be required to make Plaintiff whole for its adverse, retaliatory, and/or discriminatory actions through restitution in the form of back pay and front pay, with interest of an appropriate inflation factor.

g.     That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

h.     That Plaintiff be awarded compensatory damages in an amount to be established at trial.

i.     That Plaintiff be awarded punitive damages in an amount to be established at trial.

j.     That Plaintiff be awarded all damages available under Minn. Stat. § 181 *et. seq.,* § 363A *et. seq.,* and/or 29 U.S.C. § 2601 *et. seq.*

k.     That Plaintiff be awarded front pay and monetary value of any employment benefits he would have been entitled as an employee for Defendant.

l.     The Plaintiff be awarded compensatory damages in an amount in excess of $50,000.00 as established at trial.

m.     That Plaintiff be awarded damages for mental and emotional anguish and suffering, humiliation, embarrassment, and loss of enjoyment of life in an amount in excess of $50,000.00 as established at trial.

n.     That Plaintiff be awarded punitive damages as provided by statute in an amount to be established at trial.

o.     That the Court award Plaintiff his attorney's fees, costs and disbursements pursuant to state and federal statute.

p.      That the Court grant such other and further as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.**

NEATON & PUKLICH, PLLP

Dated:  March 30, 2022

_s/Mark Dooley_____
Mark Dooley (0389447)
Michael Puklich (0250661)
7975 Stone Creek Drive, Suite 120
Chanhassen, MN  55317
(952) 258-8444 (phone)
(952) 258-9988 (fax)
mdooley@neatonpuklich.com
Attorney for Plaintiff

ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

_s/Mark Dooley_____
Mark Dooley

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF ST. LOUIS                                   SIXTH JUDICIAL DISTRICT

---

|                              | Case Type: Employment |
| Anthony Maestas,             | Court File No:_____ |
|                              | Judge:_____ |
|    Plaintiff,                |                       |
|                              |                       |
| v.                           | **WAIVER OF SERVICE** |
|                              |                       |
| Essentia Health,             |                       |
|                              |                       |
|    Defendant.                |                       |

---

TO:   Mark Dooley, Neaton & Puklich, PLLP, 7975 Stone Creek Dr., Ste 120, Chanhassen, MN 55317.

I acknowledge receipt of your request that I waive service of a summons in the above captioned action.  I have also received a copy of the complaint in the action.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Essentia Health, on whose behalf I am acting, be served with judicial process in the manner provided by Rule 4.

Essentia Health, on whose behalf I am acting, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Essentia Health, on whose behalf I am acting, if an answer or motion at Rule 12 is not served upon you within 60 days after **March 30, 2022**, or within 90 days after that date if the request was sent outside the United States.

Dated this 1st day of April, 2022.          **FELHABER LARSON**

By:   */s/ Sara G. McGrane*
        Sara G. McGrane, #233213
        Zachary A. Alter, #0399991
      220 South Sixth Street, Suite 2200
      Minneapolis, Minnesota 55402
      (612) 339-6321
      smcgrane@felhaber.com
      zalter@felhaber.com

**ATTORNEYS FOR DEFENDANT**